## IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SAMMONS, | : | **CIVIL ACTION** |
| Plaintiff | : | Docket No. _____ |
| v. | : | |
| COVANTA ENERGY,<br>COVANTA HOLDING CORPORATION, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants | | |

### VERIFIED COMPLAINT AND JURY DEMAND

The Plaintiff, by and through his counsel, the Hamilton Law Firm PC, brings the following age discrimination action against the Defendant, Covanta Energy:

1. The Plaintiff, John Sammons, presently resides in Milford Delaware but resided at 906 Hickory Grove Drive, Limerick, Montgomery County, in the Commonwealth of Pennsylvania at all times relevant to this action.

2. Mr. Sammons is a 61 year-old Caucasian male and was 60 years old when he was terminated from his employment.

3. The Defendant, Covanta Energy ("Covanta"), is a for profit corporation organized under the laws of the Commonwealth of Pennsylvania and maintains a facility located at 1155 Conshohocken Road, Conshohocken, Pennsylvania where the Plaintiff was employed and reported to work.

4. Covanta Holding Corporation, Covanta Energy's parent company, maintains a principal place of business at 445 South Street, Morristown, Morris County, in the State of New Jersey.

5. Mr. Sammons was employed by Covanta and its predecessor in interest, Veolia, from July 1, 1991, until September 27, 2012.

6. Mr. Sammons was allegedly terminated for cause.

7. Mr. Sammons brings a cause of action against Covanta under the Age Discrimination in Employment Act ("ADEA"), a federal statute codified as 29 U.S.C. 621-634.

1

8.   Mr. Sammons was an employee of Covanta and fits the definition of an employee as set forth under the ADEA and the PHRA.

9.   Covanta is an employer within the definitions of the ADEA and the PHRA.

10.  This Court has jurisdiction over this matter pursuant to 29 U.S.C. 626 of the ADEA and 28 U.S.C. 1331.

11.  Venue in the U.S. District Court for the Eastern District of Pa is proper in that the acts of age discrimination from which the Plaintiff's claims arise took place in this judicial district and Covanta maintains a place of business in this judicial district.

12.  The amount in controversy exceeds $150,000.

### FACTS COMMON TO ALL COUNTS

13.  The Plaintiff reiterates the averments of fact set forth in Paragraphs 1 through 11 of the Complaint as though recited herein verbatim and at length.

14.  The Plaintiff was employed by Covanta for 21 years without incident.

15.  Mr. Sammons was employed by Covanta as a facility safety coordinator and had been so employed for the last 16 years.

16.  Mr. Sammons had extensive experience and licenses and certifications as a facility safety coordinator and had performed this job without incident.

17.  In fact, Covanta and its predecessor, Veolia, used Mr. Sammons to audit the health and safety compliance of other facilities.

18.  Mr. Sammons reported to the facility manager, John Polidore.

19.  On September 24, 2012, Covanta began a routine corporate health and safety audit in which Mr. Sammons participated.

20.  He had participated in numerous such safety audits and this one was no different from the others.

21.  While Mr. Sammons was still involved with the audit, it went well and he was subsequently told that the facility had received a good score.

22.  On September 27, 2012, Mr. Sammons was asked to come into John Polidore's office for a meeting with Scott Fulton, the Regional Safety Administrator, and Lisa Striebig, an HR representative.

2

23.     Mr. Sammons was informed that his employment with Covanta was being terminated after 21 years of service.

24.     Mr. Sammons was informed that he was being terminated for smoking in close proximity to an oxy-acetylene cart.

25.     Mr. Sammons informed Mr. Polidore, Mr. Fulton and Ms. Striebig that he had been smoking in a company designated smoking area and that this area had been so designated for 12 years.

26.     Mr. Sammons also informed Mr. Polidore, Mr. Fulton and Ms. Striebig that the oxy-acetylene cart, a portable device, was sometimes located in this area and that there was no danger as the cart was more than 25 feet from the smoking area and wasn't in use.

27.     Mr. Polidore, as the facility manager, had designated the location of the smoking area.

28.     Mr. Polidore, the facility manager, was aware of these facts and had never considered the location of the smoking area and the oxy-acetylene cart to be a threat to health and safety.

29.     Mr. Sammons also explained that the smoking area was more than 25 feet from the oxy-acetylene cart, thereby satisfying all necessary safety protocols.

30.     Mr. Polidore, the person who designated the location of the smoking area, did not suffer any adverse employment treatment as a result of this alleged safety violation.

31.     Mr. Sammons was smoking in the area with numerous other employees and none of those employees suffered an adverse employment action as a result of smoking in the designated smoking area.

32.     Mr. Polidore was approximately 43-44 years old at the time of the incident.

33.     Mr. Scott Fulton was approximately 45 years old at the time of the incident.

34.     Mr. Sammons was 60 years old at the time of the incident.

35.     Mr. Sammons was also told that he was unprepared for the corporate audit and that he had been uncooperative with the audit team.

36.     Mr. Sammons has conducted numerous successful audits for Covanta in the past and followed the same procedure he has always used in preparing for and participating in the audit.

37. Mr. Sammons denied that he was unprepared and uncooperative in the audit and gave numerous instances where he had complied with all of the auditor's requests.

38. Mr. Sammons was informed that his termination would be immediate and his cell phone and keys were taken from him.

39. Ms. Striebig, the HR representative, advised him that he would not be terminated if he had not violated the safety policy of smoking near the oxy-acetylene cart.

40. Mr. Sammons was replaced by Mr. Frank Dimicelli, a 40 year-old Caucasian male.

41. During the time of Mr. Sammons employment at Covanta, he had never been written up for any performance issues until his March 2012 evaluation.

42. In March 2012, Mr. Sammons was blamed for a "rash of injuries" at the facility.

43. Mr. Sammons was blamed for injuries that took place during an outage period.

44. Dan Walsh, the night shift supervisor, was not reprimanded even though all of the injuries took place on his watch.

45. Dan Walsh is a Caucasian male in his 40s.

46. Mr. Walsh was not reprimanded or terminated but in fact, is still gainfully employed by Covanta.

47. Mr. Sammons disputed all of the issues raised in the March 2012 evaluation and further disputed the reasons proffered by Covanta for his termination in September 2012.

48. Mr. Sammons repeatedly explained how he had not violated Company policy or any safety policy but Covanta refused to change its termination decision.

49. About three (3) weeks before his termination, after Labor Day 2012, Mr. Polidore advised Mr. Sammons of a group meeting with an investment advisor from T. Rowe Price and recommended that Mr. Sammons attend the meeting since he was going to retire in a couple of weeks.

50. Mr. Sammons was confused as he had never indicated any plans to retire at any time but rather, was ready, willing, and able, and intended to continue working at Covanta.

51. Mr. Sammons informed Mr. Polidore that he had no intentions of retiring anytime soon.

52. Covanta has discriminated against Mr. Sammons based upon his age by using false reasons as a pretext to terminate him and hide their true discriminatory intent of wishing to remove older workers from their employ.

53. Covanta has shown a pattern of discrimination against older workers.

54. Starting in 2011, Mr. Zane Crowley, a 63 year-old Caucasian male who had worked for Covanta for more than 21 years, was treated improperly and written up for issues that were not his fault.

55. Mr. Crowley, who was caring for his ailing elderly mother at the time, went out of FMLA protected leave.

56. Mr. Crowley was terminated on December 23, 2012, while still on FMLA protected leave.

57. Mr. Sammons has been damaged and continues to suffer damages as a direct and proximate result of Covanta's age discrimination.

### COUNT I

58. The Plaintiff incorporates the averments of fact set forth in paragraphs 1 through 57 of the Complaint as though recited herein verbatim and at length.

59. Mr. Sammons was employed by Covanta from 1991 until September 27, 2012, as a W-2 employee.

60. During his employment with Covanta, Mr. Sammons' job performance met or exceeded Covanta's expectations.

61. Mr. Sammons was informed that his termination was a direct result of the alleged policy violation of smoking too close to the oxy-acetylene cart.

62. Mr. Sammons was replaced by Mr. Frank Dimicelli, a 40 year-old Caucasian male.

63. The decision to terminate Mr. Sammons was motivated solely by his age and no other legitimate reason.

64. This was made perfectly clear to Mr. Sammons when he was terminated for a pretextual reason a few short weeks following a discussion with Mr. Polidore, his supervisor, wherein he informed him that he would not be retiring anytime soon.

65. At all times, Mr. Sammons is and was ready, willing and able to perform his job responsibilities at Covanta.

66. At the time of his termination, Mr. Sammons was 60 years old.

67. The Plaintiff's age was the determining factor in Covanta's decision to terminate Mr. Sammons' employment.

68. Covanta's termination of Mr. Sammons was a willful violation of the ADEA.

69. Mr. Sammons filed a timely charge of discrimination based upon his age with the EEOC and the PHRC.

70. More than 60 days have passed since the filing of this charge.

71. Mr. Sammons has received his Right To Sue Letter from the EEOC.

72. Covanta's willful and discriminatory acts as detailed in this Complaint have caused the Plaintiff economic and non-economic damages from the loss of employment, including but not limited to loss of pay, loss of benefits, loss of insurance, and the loss of numerous other benefits associated with his employment at Covanta.

73. In addition, Mr. Sammons has suffered embarrassment, humiliation, emotional distress and mental anguish as a result of Covanta's willful violation of the ADEA.

WHEREFORE, the Plaintiff respectfully seeks damages against the Defendant as follows:

(a) Compensatory damages;
(b) Back pay, with interest, from the date of termination through judgment, including salary, benefits and all other emoluments of employment;
(c) Front pay pursuant to the ADEA;
(d) Liquidated damages in an amount equal to back pay and front pay and benefits with interest thereon;
(e) Plaintiff's counsel fees, expert witness fees, and costs of suit; and
(f) Such other relief as this Court deems appropriate under the circumstances.

## COUNT II

74. The Plaintiff incorporates the averments of fact set forth in Paragraphs 1 through 73 of the Complaint as though recited herein verbatim and at length.

75. Mr. Sammons filed a charge with the EEOC and said charge was jointly filed with the PHRC alleging that Covanta had discriminated against him on the basis of his age.

76. The acts alleged by Mr. Sammons herein violate PHRA 43 P.S. 955(5)(a).

77.     As a result of the acts of Defendant as alleged herein, in addition to the injuries described above, Mr. Sammons has also suffered embarrassment, humiliation, emotional distress and mental anguish, for which he seeks damages from the Defendant.

WHEREFORE, the Plaintiff respectfully seeks damages against the Defendant as follows:

(a) Compensatory damages;
(b) Back pay, with interest, from the date of termination through judge, including salary, benefits and all other emoluments of employment;
(c) Front pay pursuant to the PHRA;
(d) Liquidated damages in an amount equal to back pay and front pay and benefits with interest thereon;
(e) Plaintiff's counsel fees, expert witness fees, and costs of suit; and
(f) Such other relief as this Court deems appropriate under the circumstances.

Dated: December 11, 2013

Ayesha Hamilton, Esq.
HAMILTON LAW FIRM PC
Counsel for the Plaintiff
65 South Main Street, Suite B-100
Pennington, New Jersey 08534
Tel. (215) 699-8840
Fax. (215) 699-8842
Email: ahamilton@ahlawpc.com

## JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by a jury of his peers pursuant to Federal Rules of Civil Procedure 38.

Dated: December 11, 2013

Ayesha Hamilton, Esq.
HAMILTON LAW FIRM PC
Counsel for the Plaintiff
1816 West Point Pike
Suite 114
Lansdale, PA 19446
Tel. (215) 699-8840
Fax. (215) 699-8842
Email: ahamilton@ahlawpc.com

7

## VERIFICATION

I, John Sammons, being of age and sound mind, do hereby certify and say:

1.  I am the Plaintiff named in the above captioned Complaint;
2.  As such, I am both authorized and qualified to sign this verification of the Complaint;
3.  I hereby verify that the statements contained in this Complaint are true to the best of my knowledge;
4.  I am also aware that I am subject to punishment if anything contained in this Complaint is willfully false.

John Sammons, Plaintiff

Dated: December 4, 2013